# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
## www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 6:21-00733-TPG |
| | Chapter 13 |
| **CYNTHIA R. SEPULVEDA,** | |
|       Debtor. | |
| _____/ | |
| **CYNTHIA R. SEPULVEDA,** | |
|       Plaintiff, | |
| v. | Adv. No.: 6:23-ap- |
| **UNITED STATES DEPARTMENT OF EDUCATION, and GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., AN AFFILIATE OF NELNET DIVERSIFIED SOLUTIONS, LLC,** | |
|       Defendants. | |
| _____/ | |

## PLAINTIFF'S COMPLAINT

Plaintiff, Cynthia R. Sepulveda, files this Complaint against Defendants, United States Department of Education and Great Lakes Educational Loan Services, Inc., an affiliate of Nelnet Diversified Solutions, LLC., on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, as follows:

## PARTIES

1. Plaintiff is a citizen of the State of Florida, residing in the Middle District of Florida. Plaintiff filed a petition for relief under Chapter 13 of Title 11, U.S.C., on February 19, 2021, in the case of *In re: Cynthia R. Sepulveda*, Case No.: 6:21-bk-00733-LVV, pending in the United States Bankruptcy Court for the Middle District of Florida (the "main case").

2.   Defendant UNITED STATES DEPARTMENT OF EDUCATION, upon information and belief, holds an interest in the loans described in Paragraph 6 herein. Defendant Great Lakes Educational Loan Services, Inc., an affiliate of Nelnet Diversified Solutions, LLC, ("GREAT LAKES"), upon information and belief, is the servicer for the Department of Education for the loans described herein. GREAT LAKES has offices in Madison, Wisconsin.

## JURISDICTION and VENUE

3.   This court has jurisdiction over this adversary proceeding under the provisions of Title 28, U.S.C. §1334. This adversary proceeding is brought pursuant to 11 U.S.C. §523(a)(8) and Bankruptcy Rule 7001(6). This is a core proceeding pending under 28 U.S.C. §157(b)(2)(I).

## FACTUAL ALLEGATIONS

4.   The Plaintiff is 61 years of age, married, a household of two.

5.   The Plaintiff did not attend college and has no formal education.

6.   Since 2012, the Plaintiff entered into eight (8) federal student loans for her daughter and son, who attended various colleges and universities, to include Seton Hall University and Quinnipiac University. The Plaintiff owes $182,844.00 in federal student loans. The bulk of the Plaintiff's student loans derive from her son attending Quinnipiac University. The Plaintiff also has private student loans with Navient for the benefit of her daughter.

7.   Plaintiff gained no direct benefit from the courses. The primary reason Plaintiff filed bankruptcy was due to her long-term inability to maintain a minimal standard of living and repay the student loans.

8.   Plaintiff has made a good faith effort to repay the loans. From the time her children finished school Plaintiff has worked to maximize her income and minimize her expenses. Plaintiff

continuously stayed in contact with her student loan servicers, making standard repayments, entering forbearances approximately six (6) times, and inquiring about income-based repayment plans. The Plaintiff was unable to afford the income-based repayment plan along with her other obligations and needs.

9. The Plaintiff's current adjusted annual income is $85,049.00.

## **DETERMINATION OF DISCHARGEABILITY**

10. This is an action to determine the dischargeability of the loans described herein pursuant to 11 U.S.C. §523 (a)(8)).

11. Plaintiff hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 9, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth herein below.

12. Plaintiff cannot maintain a minimal standard of living if required to repay the student loans to defendants. The Plaintiff cannot maintain, based upon her current income and expenses, a minimal standard of living if forced to repay the loans. It is not mathematically possible for the Plaintiff to repay $182,844.00 over the standard ten-year repayment.

13. Plaintiff has made all reasonable efforts to maximize her income prior to filing bankruptcy. The Debtor is reaching retirement age, is fearful that her position will be eliminated due to her immediate supervisor retiring and or employer restructuring.

14. Given her age and additional circumstances exist indicating that Plaintiff's inability to pay is likely to persist for the ten-year standard repayment period of the student loans. Therefore, it will impose an undue hardship on the Plaintiff if these loans are not discharged.

WHEREFORE, Plaintiff prays under 11 U.S.C. §523(a)(8) that the debt owed to Defendants be discharged in its entirety as it is an undue hardship under the three-part Brunner test and such other relief that may be deemed just and proper in the circumstances.

Respectfully submitted this 18th day of February, 2023.

/s/ Robert B. Branson
Robert B. Branson, Esquire
Florida Bar No.: 800988
E-mail: *robert@bransonlaw.com*
**BransonLaw PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone: (407) 894-6834
Facsimile: (407) 894-8559
Attorney for Plaintiff